USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA          :
                                  :
        - against -               :       18 CR 767 (VM)
                                  :
DAMIR PEJCINOVIC,                 :       **ORDER**
                                  :
                Defendant.        :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

By letters mailed March 30, 2020 and April 22, 2020, defendant Damir Pejcinovic ("Pejcinovic") requests that the Court order his release. (See "March 30 and April 22 Letters."[1]) The Court construes Pejcinovic's letters as a motion for temporary release on bail from the Metropolitan Detention Center ("MDC") pursuant to 18 U.S.C. Section 3142(i) ("Section 3142(i)"). For the reasons explained below, the Court denies Pejcinovic's request.

Section 3142(i) provides that a court may "permit the temporary release of [a pretrial defendant], in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Section 3142(i). "A 'compelling reason' may . . . exist where a defendant's serious medical condition warrants release." United States

---

[1] Because the March 30 and April 22 Letters contain sensitive health information, the Court will file the letters under seal.

v. Gumora, No. 20 CR 144, 2020 WL 1862361, at *4 (S.D.N.Y. Apr. 14, 2020) (citations omitted). "In considering whether there is a compelling reason for a defendant's release under this provision, however, a court must balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention." United States v. Chambers, No. 20 CR 135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks omitted).

Pejcinovic does not argue that temporary release is necessary for preparation of his defense. Nor does he argue that he has a condition that renders him at a high risk of suffering serious illness from COVID-19. Rather, Pejcinovic asserts that the Court should order his release so that he can aid in the fight against COVID-19 by donating his antibodies. Pejcinovic also reports that he is experiencing uncontrollable seizures, sleep disruption, and stress.

At Pejcinovic's initial bail hearing, the magistrate judge identified numerous reasons for detention, including: the strong weight of evidence against Pejcinovic; that Pejcinovic would be subject to a lengthy period of incarceration if convicted; Pejcinovic's prior criminal history; his history of violence; a lack of stable employment; his significant family ties outside the United

States; his recent international travel; that he was
currently in the process of removal proceedings; his prior
use of aliases; his prior failure to appear in court as
ordered; his prior violations of probation, parole, or
supervised release; his recent violation of an order of
protection; the nature of the crime charged, including use
of sophisticated equipment that could also be used to evade
monitoring by pre-trial services; and the potential
availability of financial resources that could be used to
evade monitoring by pre-trial services. (See Order of
Detention Pending Trial, Dkt. No. 17; Initial Appearance
Transcript, Dkt. No. 27, at 26:1-27:13.) The magistrate
judge explained that, in the recent past:

> [Pejcinovic] w[as] arrested and charged with . . . a
> violent felony offense for a domestic incident and
> . . . pled guilty to assault with intent to cause
> physical injury. And in connection with that charge, a
> bench warrant was issued. And then [Pejcinovic] later
> pled guilty to violating an order of protection
> against [him] and to bail jumping.

(Initial Appearance Transcript, Dkt. No. 27, at 26:21-
27:2.)

The Court concludes that Pejcinovic has not provided a
sufficiently compelling reason for temporary release given
the significant evidence that he remains a flight risk.
Considering Pejcinovic's past non-compliance with bail
conditions and court orders, the substantial sentence he

may face if convicted in this case, his international
contacts and prior international travel, that he is
currently in the process of removal proceedings, and the
complications that this pandemic presents for pretrial
supervision, the Court is persuaded that releasing
Pejcinovic from the MDC would present a serious risk of
flight. Pejcinovic's prior offenses also indicate his
dangerousness to the community and weigh against his
release. See United States v. Jackson, 823 F.2d 4, 7 (2d
Cir. 1987).

The Court is mindful that the current pandemic poses a
substantial threat to the health of inmates with serious
medical conditions across the country, and that this threat
may present a compelling reason warranting certain
defendants' temporary release on bail. However, numerous
courts have nevertheless denied bail to defendants with
underlying health conditions where the risks that justified
the defendants' initial detention continued to outweigh the
risks that continued incarceration might pose for the
defendants' health. See, e.g., Chambers, 2020 WL 15300746,
at *1 (denying bail to defendant with asthma); United
States v. Hamilton, No. 19 CR 54, 2020 WL 1323036, at *1-2
(E.D.N.Y. Mar. 20, 2020) (denying bail to defendant with
history of stroke and heart attack). On the particular

facts of this case, the Court is not persuaded that Pejcinovic's health conditions amount to a compelling reason justifying his release in light of the many considerations reflecting that he remains both a danger and a flight risk.

Accordingly, for the reasons discussed above, it is hereby **ORDERED** that the motion so deemed by the Court as filed by defendant Damir Pejcinovic for temporary release on bail pursuant to 18 U.S.C. Section 3142(i) is **DENIED**. Counsel for the Defendant is directed to mail this order to the Defendant.

**SO ORDERED.**

Dated:  New York, New York
        14 May 2020

Victor Marrero
U.S.D.J.