USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/23/2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :    18 CR 767 (VM)
     - against -                    :
                                    :    ORDER
DAMIR PEJCINOVIC,                   :
                                    :
               Defendant.           :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

In an undated letter received by the Clerk of Court on July 10, 2020, Defendant Damir Pejcinovic ("Pejcinovic") requests that the Court order his release on bail. (See Attached Letter.) The Court construes Pejcinovic's letter as a motion for temporary release on bail from the Metropolitan Detention Center ("MDC") pursuant to 18 U.S.C. Section 3142(i) ("Section 3142(i)"). For the reasons discussed below, the Court denies Pejcinovic's request.

Section 3142(i) provides that a court may "permit the temporary release of [a pretrial defendant], in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Section 3142(i). "In considering whether there is a compelling reason for a defendant's release under this provision, however, a court must balance the reasons advanced for such release against

1

the risks that were previously identified and resulted in an order of detention." United States v. Chambers, No. 20 CR 135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks omitted).

Pejcinovic does not argue that temporary release is necessary for preparation of his defense. Nor does he argue that he has a condition that renders him at a high risk of suffering serious illness from COVID-19. Rather, Pejcinovic states that "the two lawyers that threw a Molotov cocktail at a police vehicle with two office[r]s inside" were granted bail. Pejcinovic appears to be referring to the release on bail of a lawyer accused of throwing a Molotov cocktail at an unoccupied police car during protests against police brutality and another lawyer who allegedly acted as a getaway driver. See United States v. Mattis, No. 20-1713, slip op. at 3 (2d Cir. June 30, 2020) (affirming the district court's order releasing the defendants).

The Second Circuit deemed the release of the defendants in Mattis appropriate because, prior to committing the alleged offenses, the defendants "lived lives fully in accordance with the law, dedicated those lives to societal betterment," "engaged in responsible careers," had strong family and community ties, and did not engage in "extensive surreptitious planning" of the alleged

2

offenses. Id. at 21, 23-24. The Court of Appeals also observed that violating the terms of release would have substantial financial impact on the defendants' family and friends and ultimately concluded that the record contained "no indication that defendants are likely to engage in similar acts" in the future. Id. at 19, 24.

Pejcinovic's circumstances are not analogous. As this Court explained when denying a previous Section 3142(i) motion by Pejcinovic, various considerations indicate that Pejcinovic is a flight risk: his "past non-compliance with bail conditions and court orders, the substantial sentence he may face if convicted in this case, his international contacts and prior international travel, that he is currently in the process of removal proceedings, and the complications that this pandemic presents for pretrial supervision." See "May 14, 2020 Order," Dkt. No. 134, at 3-4. Additionally, Pejcinovic has a history of prior offenses, which "indicate his dangerousness to the community and weigh against his release." Id. at 4 (citing United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987)).

Pejcinovic provides no additional information at this juncture that weighs in favor of release. In light of the evidence indicating that Pejcinovic remains a flight risk and a danger to the community, the Court concludes that

3

Pejcinovic has not provided a sufficiently compelling reason for temporary release.

Accordingly, for the reasons discussed above, it is hereby **ORDERED** that the motion so deemed by the Court as filed by defendant Damir Pejcinovic for temporary release on bail pursuant to 18 U.S.C. Section 3142(i) is **DENIED**. Counsel for the Defendant is directed to mail this order to the Defendant.

**SO ORDERED.**

Dated:   New York, New York
         23 July 2020

_____
Victor Marrero
U.S.D.J.



RECEIVED
2020 JUL 10 AM 9:22

Re United States v. Damir Pecinovic

Dear Judge MARRERO

Since the two Lawyers that threw a Molotov cocktail at a police vehicle with two offices inside and have been granted Bail so I wonder why have I been denied so my family has posted a bail package for my release so I resvest bail so I can get my life arranged before my Deportation I have been locked in a cell for months and months

Thank you
Damir Pejcinovic

Damir Pejcinovic
86245-054
MDC Brooklyn
80 29th Street
Brooklyn NY 11232

RECEIVED
2020 JUL 10 AM 9: 22
CLERK'S OFFICE
U.S. COURT OF APPEALS

Judge MARRERO
United States District Court
Southern District of New York
United States District Judge
40 centre street
New York New York 10007