```
┌─────────────────────────────────────────┐
│ USDC SDNY                                │
│ DOCUMENT                                 │
│ ELECTRONICALLY FILED                     │
│ DOC #:_____                  │
│ DATE FILED:__10/28/2021___               │
└─────────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

DAMIR PEJCINOVIC,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:
:

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S1 18 Cr. 767 (VM)

WHEREAS, on or about October 26, 2018, DAMIR PEJCINOVIC (the "Defendant") among others, was charged in a three-count Superseding Indictment, S1 18 Cr. 767 (VM) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); conspiracy to commit bank robbery, in violation of Title 18, United States Code, Section 371 (Count Two); and transportation of stolen goods, in violation of Title 18, United States Code, Sections 2314 and 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described therein which the Defendants established operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962 (the "Pejcinovvic Enterprise"); and any and all property constituting and derived from proceeds obtained directly and indirectly, from the offense alleged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds

traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, on or about November 9, 2020 the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, a sum of money in United States currency, representing (i) any and all interests the Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; (ii) any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the Pejcinovic Enterprise; and (iii) any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense alleged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $13,020,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Andrew K. Chan, Margaret Graham, and Jamie Bagliebter of counsel, and the Defendant, and his counsel,  Peter E. Quijano, Esq., that:

1.       As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $13,020,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.       Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, DAMIR PEJCINOVIC, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.       All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.       The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.       Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.       Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

       7.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

8.     The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          10/28/21
     ANDREW K. CHAN                              DATE
     MARGARET GRAHAM
     JAMIE BAGLIEBTER
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, NY 10007
     (212) 637-1072/2923/2236


DAMIR PEJCINOVIC


By: _____          _____
     DAMIR PEJCINOVIC                            DATE



By: _____          _____
     PETER E. QUIJANO ESQ.                       DATE
     Attorney for Defendant
     40 Fulton Street, Floor 23
     New York, New York 10038


SO ORDERED:

_____          10/28/2021
Victor Marrero                          DATE
U.S.D.J.

8.     The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York


By: _____          _____
     ANDREW K. CHAN                                      DATE
     MARGARET GRAHAM
     JAMIE BAGLIEBTER
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, NY 10007
     (212) 637-1072/2923/2236


DAMIR PEJCINOVIC

By: _____          10/28/2021
     DAMIR PEJCINOVIC                                   DATE


By: _____          10/28/2021
     PETER E. QUIJANO ESQ.  Anna Sideris         DATE
     Attorney for Defendant
     40 Fulton Street, Floor 23
     New York, New York 10038


SO ORDERED:

_____          _____
HONORABLE VICTOR MARRERO                 DATE
UNITED STATES DISTRICT JUDG