```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/16/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

    UNITED STATES OF AMERICA

              - v. -

DAMIR PEJCINOVIC,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

:
:
:   **PRELIMINARY ORDER OF**
:   **FORFEITURE AS TO**
:   **SUBSTITUTE ASSETS**
:
:   S1 18 Cr. 767 (VM)
:
:

WHEREAS, on or about October 26, 2018, DAMIR PEJCINOVIC (the "Defendant"), among others, was charged in all counts of a three-count Superseding Indictment, S1 18 Cr. 767 (VM) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); conspiracy to commit bank robbery, in violation of Title 18, United States Code, Section 371 (Count Two); and transportation of stolen goods, in violation of Title 18, United States Code, Sections 2314 and 2 (Count Three);

WHEREAS, on or about on or about November 9, 2020 the Defendant pled guilty to Count One of the Indictment;

WHEREAS, on or about October 28, 2021, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment, imposing a money judgment against the Defendant in the amount of $13,020,000 (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained (D.E. 214);

WHEREAS, to date, the entire Money Judgment against the Defendant remains unpaid;

1

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets seized from the Defendant on or about October 22, 2018, in which the Defendant has an ownership interest:

a. One (1) ladies 14k yellow gold opal triplet ring;
b. One (1) 14k white gold 20" diamond cut ball chain;
c. One (1) 14k white gold 16" diamond by the yard necklace containing 5 round brilliant cut diamonds;
d. One (1) 14k yellow gold 19" chain;
e. One (1) 14k white gold 17" chain containing solitaire diamond ~5mm 1/2ct, H color, VS2 clarity;
f. One (1) jade bangle with 14k yellow gold clasp and hinge;
g. One (1) 18k white gold diamond by the yard necklace containing 26 round genuine rubies ~ 4ct and 5 round brilliant cut diamonds ~.75pts;
h. One (1) 7" 9 link Jadeite bracelet with 14k yellow gold endcaps on each link and clasp;
i. One (1) 14k white gold 39" diamond cut ball chain (broken); and
j. Six (6) base metal/silver items;

 (a. through j. collectively, the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.    All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.      Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3.      Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.     The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated:  16 August 2023, New York, New York

SO ORDERED:

_____
HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

4